UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEAN-CLAUDE TASSY,                                                        :
                          Plaintiff,        :
              -against-                                              :

PETER BUTTIGIEG, U.S. Secretary of Transportation,    :

                          Defendant.        :
------------------------------------------------------------------------X

**Civil Action No.** 1:21-cv-577

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

        JEAN-CLAUDE TASSY, by his attorneys Greenfield Stein & Senior, LLP, for his complaint against the defendant, PETER BUTTIGIEG, U.S. Secretary of Transportation, alleges as follows:

## THE PARTIES

        1.    The plaintiff, Jean-Claude Tassy ("Plaintiff"), is a citizen of the United States and of the State of New York and resides at 5 Bridle Path Drive, Old Westbury, N.Y. 11568. His telephone number is (310) 670-6265 and his e-mail address is thejctass@yahoo.com.

        2.    The defendant, the Honorable Peter Buttigieg as U.S. Secretary of Transportation ("Defendant"), has an office address at 1200 New Jersey Avenue, SE, Washington, D.C. 20590.

## PLACE OF EMPLOYMENT

        3.    Plaintiff was employed by the U.S. Department of Transportation ("DOT") at the office of the Federal Aviation Administration ("FAA") located at 7150 Republic Airport, Suite 235, Farmingdale, N.Y. 11735.

## JURISDICTION

4. This action is brought for discrimination in employment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, national origin).

## FACTUAL BACKGROUND

5. Plaintiff is a Black, dark-skinned man of Haitian national origin.

6. Prior to joining the FAA, Plaintiff had decades of experience inspecting and maintaining aircraft. In 2012, he was hired by the FAA as a "Tech Ops" employee in Anchorage, Alaska, and transferred to JFK Airport in New York in 2014.

7. With the assistance of another FAA employee, Plaintiff met with Erik F. Anderson ("Mr. Anderson"), a management-level employee of the FAA who at one time worked in the FAA Farmingdale, New York Flight Standards District Office ("FAA Farmingdale FSDO"), to discuss Plaintiff applying for the position of Avionics Aviation Safety Inspector ("ASI") in that office.

8. Plaintiff did apply and was offered a position.

9. When Plaintiff was offered the position, he again spoke with Mr. Anderson, who had worked as an ASI at the FAA Farmingdale FSDO earlier in his career.

10. During that conversation, Mr. Anderson, who is African American, pointed with his right hand to the exposed dark skin of his own left arm, moved it up and down along his arm, and said "this has issues in that office," and specifically mentioned a white female employee who worked at the front desk and cautioned Plaintiff to be careful in his dealings with her.

11. Plaintiff had long aspired to be an ASI and took the job in Farmingdale despite Mr. Anderson's warnings, hoping the concerns of discrimination and unequal treatment were overblown. Plaintiff started working as an ASI in-training at the Airworthiness Unit of the FAA Farmingdale FSDO on or about August 9, 2015.

12. During his employment at the Farmingdale FSDO, Plaintiff was subjected to a pattern of discrimination and harassment due to his race, skin color, and/or national origin by his co-workers. Despite his repeated complaints, his managers failed and refused to deal with, prevent, or stop the discrimination against him.

13. Upon information and belief, Plaintiff was the only foreign-born Black ASI in-training at the FAA Farmingdale FSDO during the period this discrimination occurred.

14. During this period, Plaintiff was deliberately excluded both from on-the-job training opportunities necessary for his career advancement and the office's social environment, was pressured to retire or transfer, and was subjected to false and contrived criticisms, rough, foul, and biased language, and other discriminatory actions which created a hostile environment based on discrimination against him. None of Plaintiff's co-workers were subjected to the same rough treatment as Plaintiff.

15. Plaintiff made multiple good faith complaints about the rough treatment he was receiving and the discriminatory acts against him to his Front-Line Manager, Miguel Soto-Escolbord, a/k/a Miguel Soto ("Mr. Soto"), and to the managers of the Farmingdale FSDO (at first Ronald Hughes and later Mr. Anderson after he was transferred to the Farmingdale FSDO to be its manager), but they took no meaningful steps to address the issue.

16. As a result, Plaintiff suffered significant harm both psychologically and professionally, as he continued to be demeaned by his trainers and co-workers and denied the on-the-job training opportunities necessary to advance his FAA career.

17. Left without recourse, Plaintiff recorded certain workplace conversations to document the discriminatory treatment he was being subjected to and management's awareness of and inaction with respect to the same.

18. Plaintiff contacted his Equal Employment Opportunity ("EEO") Counselor in August 2018 to complain about the situation. Shortly thereafter, on October 4, 2018, Plaintiff had a conversation with Mr. Anderson where Mr. Anderson, inter alia, informed Plaintiff that his co-workers were afraid of interacting with Plaintiff out of fear that he would make discrimination allegations against them.

19. Mr. Anderson's comments made it clear (1) that Plaintiff should expect his rough treatment and social isolation to continue should he continue to pursue his discrimination claims, (3) that Plaintiff's co-workers were aware of his EEO complaint, and (3) that Mr. Anderson was not going to take any steps to stop the Farmingdale FSDO staff's discrimination and retaliation against the Plaintiff.

20. Plaintiff thereafter filed a written discrimination complaint with the DOT on January 8, 2019 (the "Discrimination Complaint," DOT Complaint No. 2018-28053-FAA-01). After an unsuccessful June 2019 mediation session, the DOT began processing Plaintiff's allegations.

21. Plaintiff's employment conditions at the FAA Farmingdale FSDO initially improved after he filed the Discrimination Complaint. This changed, however, after the DOT ruled on February 18, 2020 that there had been no discrimination.

22. The agency's ruling emboldened Defendant to take retaliatory action against Plaintiff, both in continuation of its campaign of discrimination against Plaintiff and to punish Plaintiff for filing his Discrimination Complaint.

23. Although Defendant had known for over six (6) months that Plaintiff had recorded certain workplace conversations, conducted an internal investigation regarding same, and had taken no steps to discipline Plaintiff, it now used this past behavior as an excuse to retaliate against him.

24. A mere month after the DOT's determination, Mr. Anderson notified Plaintiff that he proposed to remove Plaintiff from his position as ASI for "unauthorized recording, misuse of government property, and lack of candor" in thirty (30) days.

25. Defendant's purported justifications for proposing Plaintiff's removal were mere pretext for its intentional discrimination against Plaintiff in retaliation for his opposition to an unlawful employment practice.

26. Indeed, although Mr. Anderson had the discretion to impose a range of penalties "up to and including removal" based on his version of the facts at issue, he proposed the most extreme penalty – Plaintiff's removal – despite Plaintiff's clean disciplinary record and nearly eight (8) years of dedicated service with the FAA.

27. After receiving notice of his proposed removal, Plaintiff contacted his attorney and his union representative to review and discuss how to proceed. After these discussions, Plaintiff determined that he could not put his pension at risk by resisting charges which management seemed determined to use to railroad him out of the FAA.

28. Therefore, to avoid further proceedings and the possible loss of his pension, Plaintiff informed the FAA of his interest in an immediate retirement on March 18, 2020, and formally resigned from his position on April 3, 2020.

29. Having exhausted his Federal administrative remedies concerning the unlawful discrimination against him at the FAA Farmingdale FSDO, Plaintiff filed a Complaint with this Court dated May 13, 2020 concerning the allegations raised in his Discrimination Complaint. That action (Civil Action No. 20-CV-2154) is currently pending.

30. Plaintiff had intended to continue working at the FAA for many more years, but was forced to retire, and was therefore constructively discharged, due to management's retaliation against him.

31. A reasonable person in Plaintiff's position, faced with losing not only his job, but also his pension, would also been compelled to retire or resign under those circumstances.

32. Moreover, Defendant's threats towards and constructive discharge of Plaintiff might well have dissuaded a reasonable employee from making or supporting a charge of discrimination against the FAA.

33. Despite reasonable efforts, Plaintiff has been unable to find comparable employment since he resigned from the FAA and has been unemployed since that time.

## CAUSE OF ACTION

34. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 33 above.

35. Plaintiff's filing of his Discrimination Compliant with the DOT in January 2019 was a protected activity, and Defendant knew and was aware that Plaintiff had engaged in this protected activity.

36. Defendant's constructive discharge of Plaintiff, by pressuring him to retire or risk being fired and losing his retirement benefits constituted an adverse employment action taken by Defendant against Plaintiff.

37. Defendant's constructive discharge of Plaintiff, a mere month after he filed his Discrimination Complaint, was motivated by Defendant's desire to retaliate against Plaintiff for having opposed an unlawful employment practice, in violation of Title VII at 42 U.S.C. § 2000e-3(a).

38. Plaintiff's having recorded certain conversations with his co-workers and managers as a means of protecting himself against the ongoing campaign of discrimination against him at the FAA Farmingdale FSDO was used by management as a pretext for Defendant's retaliatory constructive discharge of Plaintiff.

39. Upon information and belief, other FAA employees recorded workplace conversations and activity but were not investigated and/or threatened with termination as a result.

40. As a proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, pension credit, and other employment benefits.

41. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe mental and emotional distress, and other incidental and consequential damages and expenses.

42. Defendant's conduct was outrageous, was done in a deliberate, callous, malicious, fraudulent, and oppressive manner intended to injure Plaintiff, was done with an improper and evil motive, amounting to malice and spite, and was done in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to an award of punitive damages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

43. Plaintiff first pursued his claim by contacting EEO Counselor on or about May 6, 2020 and received his Notice of Right to File on July 2, 2020. He filed a timely complaint of retaliation with the DOT two (2) weeks later, on July 16, 2020 ("Retaliation Complaint," DOT Complaint No. 2020-28849-FAA-01).

44. Plaintiff received a letter dated August 20, 2020, inter alia, informing him of his right to file a civil action as specified at 29 C.F.R. § 1614.310(g) should a final agency decision not issue within 120 days of Plaintiff's filing his Retaliation Complaint. Attached as Exhibit 1 and Exhibit 2 and fully incorporated for all purposes are true and correct copies of the Retaliation Complaint and the DOT's August 20, 2020 letter, respectively.

45. As Plaintiff filed his EEO Complaint on July 16, 2020, this 120-day period has lapsed, Plaintiff is permitted to bring this action. Plaintiff has therefore exhausted the available and required administrative remedies.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff seeks relief in the form of appropriate awards of damages and injunctive relief, including:

(a) An order enjoining Defendant from engaging in the future in the wrongful practices alleged herein;

  (b)  An award of Plaintiff's actual damages in an amount to be determined at trial for loss of income and benefits, including an award of front pay compensating Plaintiff for loss of future income and benefits, and damage caused to his career;

  (c)  An award of damages in an amount not less than one million dollars to compensate Plaintiff for his mental and emotional distress;

  (d)  Awards of punitive damages, reasonable attorneys' fees, and the costs of this action; and

  (e)  Such other and further relief as this Court finds just and proper.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues so triable.

## **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, counsel certifies to the best of his knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: New York, New York
February 3, 2021

                                          Respectfully submitted,

                                          GREENFIELD STEIN & SENIOR, LLP

                                        By:      /s/ Paul T. Shoemaker
                                                  Paul T. Shoemaker (PS5388)
                                                    A Member of the Firm
                                        600 Third Avenue
                                        New York, N.Y. 10016
                                        (212) 818-9600
                                        pshoemaker@gss-law.com

                                        *Attorneys for Plaintiff*
                                        *Jean-Claude Tassy*